IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| § | CASE NUMBER 6:15-CR-00013-JCB |
| v. § | |
| § | |
| § | |
| § | |
| TRAMAINE LAMAR DAVIS § | |
| § | |

## REPORT & RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On June 25, 2024, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Tramaine Lamar Davis. The government was represented by Allen Hurst, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Jonathan Hyatt, Federal Public Defender

Defendant originally pled guilty to the offense of Possession of Methamphetamine with Intent to Distribute, a Class B felony. The offense carried a statutory minimum prison term of 60 months and a statutory maximum prison term of 40 years. The guideline imprisonment range, based on total offense level of 23 and criminal history category of I, was 46 to 57 months. On March 23, 2016, U.S. District Judge Michael H. Schneider of the Eastern District of Texas sentenced Defendant to 80 months imprisonment, due to a binding plea agreement for a variance accepted by the court, followed by 4 years of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure and substance abuse treatment and testing. On September 24, 2021, Defendant completed his period of imprisonment and began service of the supervision term.

Under the terms of supervised release, Defendant was prohibited from the unlawful possession or use of a controlled substance and was required to submit to periodic drug testing. In its petition, the government alleges that Defendant violated his conditions of supervised release on May 7, 2024, and June 14, 2024, when Defendant submitted urine specimens that tested positive for methamphetamine, a controlled substance. The government submits that under Fifth Circuit precedent, illicit drug use constitutes possession.

If the court finds by preponderance of the evidence that Defendant violated the conditions of supervised release referenced above, Defendant will have committed a Grade B violation. U.S.S.G. § 7B1.1(a). Upon finding of a Grade B violation, the court shall revoke supervised released. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of I, the Guideline imprisonment range for a Grade B violation is 4 to 10 months. *See* U.S.S.G. §§ 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to the Grade B violation of the conditions of supervision referenced above. In exchange, the government recommended to the court a term of imprisonment of 5 months with no supervised release to follow.

The court therefore **RECOMMENDS** that Tramaine Lamar Davis's plea of true be accepted and he be sentenced to a term of imprisonment of 5 months with no supervised release to follow. The court further **RECOMMENDS** that Defendant serve his sentence at FCI Texarkana, TX, if available, and that Defendant receive drug treatment, if available. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

So ORDERED and SIGNED this 26th day of June, 2024.

2

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE